**Helen F. Dalton & Associates, P.C.**
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
**MERCEDES MONTOYA AND MARLENY DEL CARMEN MEJIA SEVILLA**, individually and on behalf of all others similarly situated,

                    Plaintiffs,

      -against-

**TGI FRIDAY'S INC.,**

                    Defendants.
----------------------------------------------------------------------X

**CLASS ACTION COMPLAINT**

**No:**

      **MERCEDES MONTOYA and MARLENY DEL CARMEN MEJIA SEVILLA** ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover untimely wage compensation and other damages for Plaintiffs and similar hourly dish washers, cleaners, kitchen workers and other similar manual labor positions (collectively, "Manual Workers") who work or have worked as manual workers for **TGI FRIDAY'S INC. (collectively, "TGI Friday's" or "Defendants") in New York State**.

2. Headquartered in Dallas, Texas, TGI Friday's sells food, beverages and liquor throughout their restaurants in New York.

3. TGI Friday's operates approximately 34 locations in New York and employs over 1,000 people in New York State, a majority of whom are Manual Workers.

4. At all relevant times, Defendants have compensated Plaintiff and all other Manual Workers on a bi-weekly basis.

5. Despite being manual workers, Defendants have failed to properly pay Plaintiff and other Manual Workers their wages within seven calendar days after the end of the week in which these wages were earned.

6. In this regard, Defendants have failed to provide timely wages to Plaintiff and all other similar Manual Workers.

7. Plaintiff brings this action on behalf of themselves and all other similar Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191, 195. ("NYLL").

## THE PARTIES
## PLAINTIFFS

## MERCEDES MONTOYA

8. Mercedes Montoya ("Montoya") is an adult individual who is a resident of the State of New York.

9. Montoya has been employed by TGI Friday's as a dish washer, cleaner and kitchen worker from in or around April 2018 until present.

10. Montoya has been primarily responsible for performing manual labor including washing dishes, cleaning the kitchen, tables, and equipment, and taking out garbage.

11. Montoya is a covered employee within the meaning of the NYLL.

## MARLENY DEL CARMEN MEJIA SEVILLA

12. Marleny Del Carmen Mejia Sevilla ("Mejia") is an adult individual who is a resident of the State of New York.

13. Mejia was employed by TGI Friday's as a dishwasher, cleaner and kitchen worker from in or around February 2021 until in or around August 2021.

14. Mejia was primarily responsible for performing manual labor including washing dishes, cleaning the kitchen, tables, and equipment, and taking out garbage.

15. Mejia is a covered employee within the meaning of the NYLL.

## DEFENDANTS
## TGI FRIDAY'S INC.

16. TGI Friday's Inc. is a foreign business corporation organized and existing under the laws of Texas.

17. TGI Friday's Inc.'s principal executive office is located at 19111 Dallas Parkway, Suite 165, Dallas, Texas 75287.

18. TGI Friday's Inc. was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similar employees.

19. TGI Friday's Inc. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

20. TGI Friday's Inc. applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

21. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

22. The members of the proposed class are citizens of states different from that of Defendants.

23. There are over 100 members in the proposed class.

24. Defendants are subject to personal jurisdiction in New York.

25. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

26. Plaintiff brings the First and Second Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for TGI Friday's Inc. in New York between April 2016 and the date of final judgment in this matter (the "New York Class").

27. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

28. There are more than one hundred members of the New York Class.

29. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

30. Plaintiff and the New York Class have all been injured in that they have been compensated in an untimely manner due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

31. Plaintiffs are able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

32. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

34. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

(a) whether Defendants compensated Plaintiff and the New York Class on a timely basis;

(b) whether Defendants failed to furnish Plaintiff and the New York Class with an accurate statement of wages, as required by the NYLL.

(c) whether Defendants failed to furnish Plaintiff and the New York Class with an accurate notice of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

35. Consistent with its policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

### MERCEDES MONTOYA

36. Montoya has been employed by TGI Friday's as a dishwasher, cleaner and kitchen worker from in or around April 2018 until present.

37. During her employment, Montoya worked for Defendants in their restaurant located in the Green Acres Mall at 2034 Green Acres Road, Valley Stream, NY 11581.

38. During her employment, the majority of Montoya's duties were physical tasks, including but not limited to: (1) washing dishes; (2) sweeping and mopping floors; (3) taking out trash; and (4) standing for long periods of time.

39. Despite regularly spending more majority of her shift performing these physical tasks, Montoya has been compensated by Defendants on a bi-weekly basis.

40. Plaintiff was paid under the name "Maria Mendoza."

41. For example, for the period beginning February 23, 2021 and ending March 8, 2021, Montoya was paid her lawfully earned wages on March 15, 2021. See **Exhibit A**, Montoya Paystub.

42. In this regard, Defendants failed to pay Montoya her wages earned from February 23, 2021 to March 1, 2021, by March 7, 2021, as required by NYLL § 191(1)(a).

43. At the start of her employment, Defendants failed to provide Montoya with a written wage notice in her native language.

44. Throughout her employment, Defendants failed to provide Montoya with wage statements specifying the number of hours she worked per week.

45. In this regard, Defendants failed to provide Montoya with accurate wage notices and wage statements as required by the NYLL.

### **MARLENY DEL CARMEN MEJIA SEVILLA**

46. Mejia was employed by TGI Friday's as a dishwasher, cleaner and kitchen worker from in or around February 2021 until in or around August 2021.

47. During her employment, Mejia worked for Defendants in their restaurant located in the Green Acres Mall at 2034 Green Acres Road, Valley Stream, NY 11581.

48. During her employment, the majority of Mejia's duties were physical tasks, including but not limited to: (1) washing dishes; (2) sweeping and mopping floors; (3) taking out trash; and (4) standing for long periods of time.

49. Despite regularly spending the majority of her shift performing these physical tasks Mejia has been compensated by Defendants on a bi-weekly basis.

50. For example, for the period beginning March 9, 2021 and ending March 22, 2021, Mejia was paid her lawfully earned wages on March 29, 2021. See **Exhibit B**, Mejia Paystub.

51. In this regard, Defendants failed to pay Mejia her wages earned from March 9, 2021 to March 15, 2021, by March 22, 2021, as required by NYLL § 191(1)(a).

52. At the start of her employment, Defendants failed to provide Mejia with a written wage notice in her native language.

53. Throughout her employment, Defendants failed to provide Mejia with wage statements specifying the number of hours she worked per week.

54. In this regard, Defendants failed to provide Mejia with accurate wage notices and wage statements as required by the NYLL.

55. In this regard, Defendants failed to provide Mejia with accurate wage statements as required by the NYLL.

## FIRST CAUSE OF ACTION

### New York Labor Law – Failure to Pay Timely Wages
**(Brought on behalf of Plaintiffs and the New York Class)**

56. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

57. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiffs and the New York Class.

58. Defendants failed to pay Plaintiffs and the New York Class on a timely basis as required by NYLL § 191(1)(a).

59. Due to Defendants' violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION

### New York Labor Law – Failure to Provide Accurate Wage Statements
**(Brought on behalf of Plaintiffs and the New York Class)**

60. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

61. Defendants failed to supply Plaintiffs and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

62. Due to Defendants' violations of NYLL § 195(3), Plaintiffs and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

## THIRD CAUSE OF ACTION

**New York Labor Law – Failure to Provide Accurate and Timely Wage Notices**

**(Brought on Behalf of Plaintiffs and the New York Class)**

63. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
64. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiffs' primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).
65. Due to Defendants' violations of NYLL § 195(1), Plaintiffs and the New York Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to

provide them with accurate wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

a. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Designation of Plaintiffs as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

c. Liquidated damages permitted by law pursuant to the NYLL.

d. Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the NY Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

e. Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the NY Rule 23 Class with accurate wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

f. Prejudgment and post-judgment interest;

g. Reasonable attorneys' fees and costs of the action; and

h. Such other relief as this Court shall deem just and proper.

Dated: April 20, 2022
Kew Gardens, NY

*Roman Avshalumov*
**Roman Avshalumov (RA 5508)**
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**MERCEDES MONTOYA AND MARLENY DEL CARMEN MEJIA SEVILLA**, individually and on behalf of all others similarly situated,

                                      Plaintiffs,

      -against-

**TGI FRIDAY'S INC.**,

                                      Defendants,

## CLASS ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**TGI FRIDAY'S INC. (DOS ID:284724)**
**Service Via Secretary of State:**
c/o Corporation Service Company
19111 North Dallas Parkway, Suite 165, Dallas, TX 75287

c/o Corporation Service Company
80 State Street, Albany, NY 12207 - 2543

**Via Personal Service:**
**TGI FRIDAY'S INC.**
2034 Green Acres Rd, Valley Stream, NY 11581

# EXHIBIT "A"

Case 2:22-cv-02240-GRB-AYS Document 1 Filed 04/20/22 Page 13 of 15 PageID #: 13

| MARIA MENDOZA | | | | | | | Pay Frequency | BiWeekly | | | Check No | 6467399 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 172-20 90TH AVENUE | | | | | | | Location | 60529 | | | Check Date | 3/15/2021 |
| JAMAICA, NY 11432 | | | | | | | Site | 60529 | | | Period Start | 2/23/2021 |
| | | | | Hourly Rate | 14.0000 | | DO Code | RD172 | | | Period End | 3/8/2021 |
| | | | | OVT Rate | 21.00 | | Area | SD005 | | | Paygroup | BWHRGL |
| Date of Seniority | 03/02/2020 | | | | | | Department | 8040 | | | Primary Job | Clean Crew |
| Emp No | 0147941 | | | | | | | | | | | |

ver 20200922

## COMPANY MESSAGE

FL EMPLOYEES ONLY: Payable at Wells Fargo Bank, N.A.; CA EMPLOYEES ONLY: Payable at U.S. Bank

| EARNINGS | | | | | | | | DEDUCTIONS | | | TAX DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Pay Type | WK | DEPT | Job Code | Hours | Hourly Rate | Current | YTD | Deduction | Current | YTD | Tax Description | Current | YTD |
| Regular Pay | 1 | 8040 | 90015 | 29.83 | 15.00 | 447.45 | | | | | Employee Medicare | 16.67 | 85.55 |
| Sick Pay | 1 | 8040 | 90061 | 8.00 | 14.00 | 112.00 | 112.00 | | | | Social Security Empl | 71.26 | 365.79 |
| Regular Pay | 2 | 8040 | 90015 | 39.33 | 15.00 | 589.95 | 5,774.72 | | | | NY State Income Tax | 42.57 | 197.70 |
| Co-Efficient OT | | | | | | | 4.41 | | | | NY Paid Family Leave | 5.87 | 30.15 |
| Overtime | | | | | | | 8.82 | | | | NY Disability Employ | 1.20 | 7.20 |

Total Hours Worked 69.16   Total Hours Paid 77.16

| Plan | Current | Balance |
|---|---|---|
| Sick pay | 2.31 | 16.26 |
| Vacation | 20.85 | 20.85 |

**NET PAY DISTRIBUTION**

# EXHIBIT "B"



TGI Fridays Inc.
19111 Dallas Parkway
Suite 165
Dallas, TX 75287
972-662-5400

| | |
|---|---|
| CARMEN MEJIA | |
| 90-13 181ST STREET | |
| JAMAICA, NY 11423 | |
| Date of Seniority 03/16/2021 | |
| Emp No 0160181 | |

| | |
|---|---|
| Pay Frequency | BiWeekly |
| Location | 60529 |
| Site | 60529 |
| Hourly Rate 14.0000 DO Code | RD172 |
| OVT Rate 21.00 Area | SD005 |
| Department | 8057 |

| | |
|---|---|
| Check No | 6469746 |
| Check Date | 3/29/2021 |
| Period Start | 3/9/2021 |
| Period End | 3/22/2021 |
| Paygroup | BWHRGL |
| Primary Job | Dishwasher |

vsn 20200922

**COMPANY MESSAGE**

FL EMPLOYEES ONLY: Payable at Wells Fargo Bank, N.A.; CA EMPLOYEES ONLY: Payable at U.S. Bank

### EARNINGS

| Pay Type | WK | DEPT | Job Code | Hours | Hourly Rate | Current | YTD |
|---|---|---|---|---|---|---|---|
| Co-Efficient OT | 2 | 8057 | 90015 | 2.46 | 7.00 | 17.22 | 17.22 |
| Overtime | 2 | 8057 | 90015 | 2.46 | 14.00 | 34.44 | 34.44 |
| Regular Pay | 2 | 8057 | 90015 | 40.00 | 14.00 | 560.00 | 560.00 |

### DEDUCTIONS

| Deduction | Current | YTD |
|---|---|---|
| | | |

### TAX DEDUCTIONS

| Tax Description | Current | YTD |
|---|---|---|
| Federal Income Tax | 12.90 | 12.90 |
| Employee Medicare | 8.87 | 8.87 |
| Social Security Empl | 37.92 | 37.92 |
| NY State Income Tax | 13.08 | 13.08 |
| NY Paid Family Leave | 3.13 | 3.13 |
| NY Disability Employ | 1.20 | 1.20 |